STATE v. WILEY BUD SMITH.

(Filed 29 November, 1922.)

**Costs — Criminal Law — Submission — Statutes—Civil Actions—Jury—Trials.**

> The plea of guilty to an indictment for failure to list taxes as required by the Revenue Act comes within the intent and meaning of C. S., 1229, requiring in criminal cases a tax of $4 against the "party convicted or adjudged to pay the cost," and applies whether the jury has been impaneled or not; and the tax of $5 in civil actions should be imposed, as a part of the costs, when the jury has been impaneled. This but evidences the legislative intent to draw this distinction between criminal and civil actions, the reason therefor, though apparent, being immaterial in construing the meaning of the statute.

APPEAL by defendant from judgment, at October Special Term, 1922, of ANSON, *Ferguson, J.,* presiding.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*John T. Bennett for defendant.*

WALKER, J. This is an appeal from a special term of Anson Superior Court, held in October, 1922. The defendant came into court and tendered a plea of guilty, which plea was accepted by the solicitor, and therefore no jury was required or impaneled. It being an indictment under the Revenue Act for failing to list taxes, his Honor suspended the judgment upon payment of costs. In the bill of costs, as made out by the clerk, was an item of $4 for jury tax. The defendant, through his counsel, made a motion to retax the costs and strike therefrom the said sum of $4. The judge intimated that he would grant the motion but for section 1229 of the Consolidated Statutes, which he construed as requiring that the item of $4 should be included in the bill of costs. The motion, therefore, was denied, and the defendant, through his counsel, excepted and appealed to this Court, the appeal being allowed in *forma pauperis* upon affidavit and certificate of counsel. This, in substance, constitutes the case on appeal, as agreed upon by the solicitor for the State and the attorney for the defendant.

Whether or not the jury tax of $4 is a legal charge against the defendant, under the circumstances stated, is the sole question presented to the Court.

The statute, C. S., 1229, declares: "On every indictment or criminal proceeding tried or otherwise disposed of in the Superior or criminal courts, the party convicted, or adjudged to pay the costs, shall pay a tax of $4." It is clear, we think, that the Legislature intended that

this $4 (jury fee) shall be taxed under all circumstances in every criminal proceeding. The terms "the party convicted" means a verdict of a jury. But the statute goes further and inserts an alternative, "or adjudged to pay the costs." In the same section it is declared that, in every civil action, the party adjudged to pay the costs shall pay a tax of $5; but this tax shall not be charged unless a jury shall be impaneled. In other words, in criminal proceedings the party adjudged to pay the costs shall also pay, as a part thereof, this jury tax fee, whereas, in civil actions he shall not pay it unless the jury is impaneled. Thus, the Legislature had in its mind at the time the distinction which appears upon the face of the act.

What was the reason for the discrimination in this legislation is not, perhaps, very important, and not essential to be stated, except as indicating what we deem to be the clear and undoubted meaning of the statute. The reason was this, as we see it, that many criminal actions are settled without a jury, and this has been so for many years. Defendants sometimes plead *nolo contendere,* or consent, in open court, to a judgment, upon the condition that the enforcement or execution thereof be suspended upon terms fixed by the court, either with or without a previous understanding as to them. But whatever may be the manner or form of the defendant's submission, it all implies that he is really convicted in law, though the conviction may not be formally expressed in the submission, but is unmistakably implied in the fact that the defendant is adjudged to pay the costs of the case, for our Constitution provides, among other things not relevant to this discussion, that in all criminal prosecutions every man has the right to be informed of the accusation against him and to confront the accusers and witnesses with other testimony, and to have counsel for his defense, and not be compelled to give evidence against himself, or to pay costs, jail fees, or necessary witness fees of the defense, unless found guilty. Const., Art. I (Bill of Rights), sec. 11. Therefore, it was, if not also for other good reasons, the Legislature declared, by C. S., 1229, that in criminal prosecutions the jury fee of $4 should be taxed in the costs which the defendant is adjudged to pay, because of his confession of guilt implied in his submission. The reason for not imposing a similar charge in a civil action was, no doubt, that only individual rights are involved, which may be settled by the parties by private agreement or contract, and generally do not require the intervention of a jury, or anything more than the assent of the court that it may become a part of its record. But whether this is the reason, or some other purpose inspired the enactment, it was manifestly within the competency of the Legislature to declare that the law shall be as written in a statute. It would be useless and of no benefit in any way to prolong the discussion. Even

if the Legislature had no special reason, other than that such a distinction between civil and criminal cases should exist, is not material, as we do not inquire into its motive or policy, but only into the existence of its power to legislate as it did.

There is no constitutional objection to the statute, and none, we believe, was urged. It is merely a question as to its meaning.

The ruling of his Honor, Judge Ferguson, was without error, and is affirmed accordingly.

Affirmed.